# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

**THE SAMUEL LAW FIRM**
Michael Samuel (MS7997)
1441 Broadway, Suite 6085
New York, NY 10018
(212) 563-9884
michael@thesamuellawfirm.com
**Attorney for Plaintiff**

—————————————————X

**AMICHAI ZWEIBACH,**

       Plaintiff,

      - vs. -

**2211 THIRD AVENUE MAZAL**

**HOLDINGS LLC,** and

**HAP INVESTMENTS LLC**

      Defendants.

—————————————————X

DOCKET NO. 22-CV-____

**COMPLAINT**

Plaintiff AMICHAI ZWEIBACH, by and through his undersigned attorneys, for his complaint against defendants 2211 THIRD AVENUE MAZAL HOLDINGS LLC, and HAP INVESTMENTS LLC, alleges as follows:

## THE PARTIES

1.     Plaintiff Amichai Zweibach ("ZWEIBACH" or "PLAINTIFF") is an adult individual residing in the country of Israel.

2.     Upon information and belief, defendant 2211 THIRD AVENUE MAZAL HOLDINGS LLC ("MAZAL") is a Delaware corporation with a principal place of business at 3 East 54th Street, 15th Floor, New York, NY 10022.

3.     Upon information and belief, defendant HAP INVESTMENTS LLC ("HAP") is a Delaware corporation with a principal place of business at 3 East 54th Street, 15th Floor, New York, NY 10022.

4.     MAZAL and HAP shall collectively be known as "DEFENDANTS".

5.     At all relevant times, defendant HAP has been, and continues to be, the owner of MAZAL.

## JURISDICTION AND VENUE

6.     This is an action to recover from Defendants the balance due from a loan agreement, together with applicable interest and costs. This court has jurisdiction pursuant to 28 U.S.C § 1332 because there is total diversity of citizenship between Plaintiff and all Defendants and the amount in controversy exceeds $75,000.

7.     Venue lies in this court pursuant to, *inter alia,* 28 U.S.C. § 1391(b)(1) and (2) in that defendant's principal place of business is located in and a substantial part of the events occurred in this district, viz., New York, New York.

8.     Jurisdiction and venue further lie herein pursuant to the relevant contractual clause in the Notes.

## **FACTS**

9.     At all relevant times herein, defendants owned and operated a corporation in New York, New York.

10.    On or about March 5, 2020, plaintiff ("ZWEIBACH") loaned DEFENDANTS $100,000.00 under a Note with a 12% interest rate, compounded annually.  **(See Note, Exhibit A)**

11.    Payment was due in a balloon payment one (1) year later, March 5, 2021 ("ORIGINAL MATURITY DATE").

12.    Borrower exercised its right under the Note to extend the repayment date to March 5, 2022. ("EXTENDED MATURITY DATE").

13.    Shortly before the EXTENDED MATURITY DATE, DEFENDANTS informed PLAINTIFF that it could not make the payment.

14.    At that time, DEFENDANTS sought an extension of the loan.

15.    On or about February 23, 2022, all parties signed an

Amended Note.   The Amended Note extended the due date of repayment to September 6, 2022, also designated as an "extended maturity date." ("RENEGOTIATED MATURITY DATE"). **(See Amended Note, Exhibit B)**

16.   The interest rate for the renegotiated period applies as follows: the rate remains at 12% until the EXTENDED MATURITY DATE, March 5, 2022.

17.   For the period thereafter ("RENEGOTIATED PERIOD") the rate would increase to 14%, compounded annually.  However, unless the Amended Note was satisfied by the RENEGOTIATED MATURITY DATE, this rate would increase to 16%, compounded annually.

18.   On or about August 1, 2022, DEFENDANTS informed PLAINTIFF verbally that they would not be able to make the repayment by the RENEGOTIATED MATURITY DATE.

19.   Thus DEFENDANTS are in anticipatory breach.

20.   Therefore this action is ripe.

21.   DEFENDANTS anticipatory breach effectuates the interest rate increase for the RENEGOTIATED PERIOD to 16%.

22.   The Notes provide for attorney's fees to be paid to Plaintiff.

23.   Based upon the foregoing, the DEFENDANTS owe PLAINTIFF Amichai Zweibach $100,000.00 plus interest, attorney's fees, and costs.

24.   Interest is to be calculated at 12% from the date of

the loan to the ORIGINAL MATURITY DATE, and at 16% thereafter until paid, all compounding annually.

## FIRST CAUSE OF ACTION

## (Breach of Contract)

25.  Plaintiff repeated and re-allege each of the allegations contained the above paragraphs as if set forth completely herein at length.

26.  The plaintiffs have fully complied with all of its obligations pursuant to the terms and conditions of the terms of the notes.

27.  The defendant breached the terms of the notes by failing to pay the notes on time, as agreed.

28.  As the approximate and foreseeable result of the defendant's breach Mr. Zweibach has been damaged in the amount of at least $100,000.00.

29.  By reason of the foregoing, Mr. Zweibach is entitled to a judgment against the defendants in the amount of $100,000.00 plus interest, attorney's fees, and costs.

## SECOND CAUSE OF ACTION

## (Anticipatory Breach of Contract)

30.   Plaintiff   repeated   and   re-allege   each   of   the allegations   contained   the   above   paragraphs   as   if   set   forth completely herein at length.

31.   The plaintiffs have fully complied with all of its obligations pursuant to the terms and conditions of the terms of the notes.

32.   The defendant has repudiated its obligation to pay the notes on time, as agreed.

33.   As   the   approximate   and   foreseeable   result   of   the defendant's breach Mr. Zweibach has been damaged in the amount of at least $100,000.00.

34.   By reason of the foregoing, Mr. Zweibach is entitled to   a   judgment   against the defendants   in   the   amount   of $100,000.00 plus interest, attorney's fees, and costs.

## THIRD CAUSE OF ACTION

## (Unjust Enrichment)

35.  Plaintiff repeated and re-allege each of the allegations contained the above paragraphs as if set forth completely herein at length.

36.  Defendants signed the loan agreements directly with the plaintiff.

37.  The defendants accepted the agreements, but have not repaid the plaintiff the agreed amount.

38.  It is against equity and good conscience to permit the defendant to loan the money without repaying the plaintiff.

39.  By reason of the aforementioned unjust enrichment, Mr. Zweibach is entitled to a judgment against defendants in the amount of $100,000.00 plus interest, attorney's fees, and costs.

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

a.  On the First Cause of Action in favor of Mr. Zweibach against defendants in an amount not less than $100,000.00 plus interest, attorney's fees, and costs.

b.  On the Second Cause of Action in favor of Mr. Zweibach

against   defendants   in   an   amount   not   less   than
$100,000.00 plus interest, attorney's fees, and costs.

c.  On the Third Cause of Action in favor of Mr. Zweibach
against   defendants   in   an   amount   not   less   than
$100,000.00 plus interest, attorney's fees, and costs.

d.  Such other  and  further  relief  as  this  court  deems
just and proper

Dated: New York, New York
August 15, 2022

Michael Samuel (MS7997)

THE SAMUEL LAW FIRM1441 Broadway, Suite
6085

New York, NY 10018

(212) 563-9884

michael@thesamuellawfirm.com